05:10:52 p.m. 12-03-2015        8

Dec 03 2015 6:04PM    HP LASERJET FAX

ARNOLDO CASILLAS, ESQ., SBN 158519
**CASILLAS & ASSOCIATES**
3500 W. Beverly Blvd.
Montebello, CA 90640
Telephone:  (323) 725-0917
Facsimile:   (323) 725-0350
Email: acasillas@morenolawoffices.com

Attorneys for Plaintiffs,
RUFINA MOLINA

**FILED**
Superior Court of California
County of Los Angeles

DEC – 4 2015

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Nancy Alvarez

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| RUFINA MOLINA, ESTATE OF LUIS MARTINEZ, by and through successor in interest, RUFINA MOLINA, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES; RICARDO HUERTA, RUDOLPH RIVERA, ALDO QUINTERO, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. **BC 603 050** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Excessive Force/Unreasonable Seizure (42 U.S.C. § 1983)** <br> 2. **Interference with Familial Integrity Substantive Due Process Violation (42 U.S.C. §1983)** <br><br> **[DEMAND FOR JURY TRIAL]** |

COMES NOW Plaintiffs RUFINA MOLINA (hereafter "Plaintiff") and ESTATE OF LUIS

MARTINEZ, by and through successor in interest, RUFINA MOLINA, and allege as follows:

I.

### VENUE AND JURISDICTION

1.    Venue is proper in the Superior Court of the State of California, for the County of

Los Angeles, Central District, in that the underlying acts, omissions, injuries and related facts and

circumstances upon which the present action is based occurred in the County of Los Angeles, at or

near 3242 Monituou, Los Angeles, California, within the boundaries of this Court.  This Court has

jurisdiction over the present matter because, as delineated within this complaint, the nature of the

claims and amounts in controversy meet the requirements for jurisdiction in the Superior Court.

1

03:10:52 p.m. 12-03-2015     9

Dec 03 2015 6:04PM    HP LASERJET FAX                                      P.9

## II.

### PARTIES

2.      Decedent Luis Martinez (hereinafter "decedent") was an individual residing in the City and County of Los Angeles, California.

3.      Plaintiff RUFINA MOLINA, is and was, at all times relevant hereto, the natural mother of decedent Luis Martinez.

4.      At all times mentioned herein, Defendant CITY OF LOS ANGELES (hereinafter "CITY") is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

5.      Defendants RICARDO HUERTA, RUDOLPH RIVERA, ALDO QUINTERO (hereinafter "defendant officers") are police officers working for City and its police department. Said defendants are sued in their official and individual capacity. At all times relevant to the present action, said defendants were acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City, as well as under the color of the statutes and regulations of the State of California.  Said defendants were acting within their capacity as employees, agents, representatives and servants of the City.

6.      Defendant officers, and DOES 1 through 10, as duly sworn peace officers, were specifically authorized by Defendant City and its Police Department, to perform the duties and responsibilities of sworn police officers of the City, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as police officers for Defendant City and as an officials for Defendant City.  Said defendants are also sued herein in their individual capacity and in their official capacity as peace officers of the City.   Defendant City encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein.

7.      The present Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege said Defendants' true names and capacities when

2

Exhibit - 1 - Page - 9

1   ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously

2   named Defendants are responsible in some manner for the occurrences herein alleged, and that

3   Plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of said

4   fictitiously named Defendants.

5        8.      DOES 6 through 10 were also duly appointed deputies, sergeants, lieutenants,

6   detectives, or other officers, officials, executives and/or policymakers of City of Los Angeles Police

7   Department (also "LAPD"), a department and subdivision of Defendant City, and at all times

8   mentioned herein said Defendants were acting in the course and scope of their employment with

9   Defendant COUNTY, which is liable under the doctrine of *respondeat superior* pursuant to

10  California Government Code § 815.2.

11                                          **III.**

12                   **FACTS COMMON TO ALL CAUSES OF ACTION**

13       9.      On April 21, 2015 at approximately 4:30 p.m., Luis Martinez was shot and killed by

14  defendants Ricardo Huerta, Rudolph Rivera, Aldo Quintero and DOES 1 through 10. Luis

15  Martinez was sitting in his wheelchair in his apartment located at 3414 Manitou A venue, Apt. 403,

16  Los Angeles, California.

17       10.     The police officer defendants arrived at the location in response to a 911 call

18  reporting that decedent was suffering from mental health problems and was suicidal.

19       11.     Decedent was unarmed.

20       12.     Police officer defendants arrived at decedent's apartment and confronted decedent.

21  They found him in his wheelchair. Thereafter, they shot decedent several times, causing him

22  serious injuries, from which he eventually died.

23  ////

24  ////

25  ////

26  ////

27  ////

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Exhibit - 1 - Page - 10

IV.

## FIRST CAUSE OF ACTION

### Excessive Force/Unreasonable Seizure

### 42 U.S.C. § 1983

**As Against Defendants Police Officer Defendants, and DOES 1 through 10**

13.  Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

14.  Police officer defendants' actions described herein violated decedent's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting decedent to unreasonable searches and seizures of his person.

15.  At the time decedent was shot and killed, he was not engaging in any assaultive or threatening conduct. Under the totality of the relevant circumstances that existed, decedent posed no danger or threat to defendant police officers, or anyone else. The shooting and killing of decedent was unreasonable under the circumstances in every respect.

16.  These actions violated decedent's right to be free from unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

17.  Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

18.  The unauthorized, unwarranted killing of decedent was willful and done with a deliberate disregard for the rights and safety of decedent, and therefore warrants the imposition of punitive damages as to police officer defendants.

19.  After being shot by Defendants, decedent endured great physical and emotional pain and suffering.

20.  Accordingly, Police officer defendants are liable to Plaintiff for compensatory damages pursuant to 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Exhibit - 1 - Page - 11

V.

## SECOND CAUSE OF ACTION

### Interference with Familial Integrity

### Substantive Due Process Violation

### 42 U.S.C. § 1983

### As Against Police Officer Defendants, and DOES 1 through 10

21.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

22.     The present claim is brought pursuant to 42 U.S.C. § 1983, for violation of the right of familial integrity guaranteed by the Fourteenth Amendment of the United States Constitution.

23.     As alleged above, the shooting and killing of decedent was unreasonable under the circumstances of the encounter between Police officer Defendants. As such, the shooting and killing of decedent violated the constitutional limits on police use of deadly force in violation of the Fourth Amendment's limits on unreasonable seizures.

24.     At the same time, the shooting and killing of decedent by Defendants Police Officers violated the rights of Plaintiff RUFINA MOLINA'S right to be free from police interference in their relationship with her son Luis Martinez.

25. .   The unreasonable conduct of police officer defendants was the direct and proximate cause of the death of decedent. As a result of the unreasonable conduct of police officer defendants, Plaintiff lost Luis Martinez, as well as his love, affection, society and moral support.

26.     The unreasonable conduct of these Defendants was willful and done with a deliberate disregard for the rights and safety of Luis Martinez and the present Plaintiff and therefore warrants the imposition of punitive damages as to said defendants

27.     Accordingly, Police Officer Defendants are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

5

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Exhibit - 1 - Page - 12

## VI.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A.   For compensatory damages, including general damages and special damages, and statutory damages for violation of the laws and Constitutions of the United States, in an amount to be determined at trial;

   B.   For punitive damages against Defendants RICARDO HUERTA, RUDOLPH RIVERA, ALDO QUINTERO, and DOES 1 through 10, pursuant to 42 U.S.C. § 1983 and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each said defendant;

C.   For prejudgment interest to be determined at trial;

D.   For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988; and,

E.   For such further other relief as the Court may deem just, proper, and appropriate.

Dated: November 13, 2015            CASILLAS  &  ASSOCIATES

                                    By
                                    ARNOLDO CASILLAS
                                    Attorneys for Plaintiffs

1    **DEMAND FOR JURY TRIAL**

2    COME NOW Plaintiffs RUFINA MOLINA  and ESTATE OF LUIS MARTINEZ, by and

3    through successor in interest, RUFINA MOLINA, and demand a trial by jury.

4

5

6    Dated: November 13, 2015              CASILLAS  & ASSOCIATES

7                                         By
                                          ARNOLDO CASILLAS
8                                         Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Exhibit - 1 -  Page - 14