**MICHAEL N. FEUER,** City Attorney - SBN 111529x
**THOMAS H. PETERS,** Chief Assistant City Attorney – SBN 163388
**CORY M. BRENTE,** Assistant City Attorney – SBN 115453
**DENISE C. ZIMMERMAN,** Deputy City Attorney (SBN 191992)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Email:  denise.zimmerman@lacity.org
Phone No.:  (213) 978-7032; Fax No.:  (213) 978-8785

*Attorneys for Defendant* **CITY OF LOS ANGELES**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFINA MOLINA, ESTATE OF LUIS MARTINEZ, by and through successor in interest, RUFINA MOLINA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; RICARDO HUERTA, RUDOLPH RIVERA, ALDO QUINTERO, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV16-1293ODW(ASx)<br><br>**ANSWER BY DEFENDANT CITY OF LOS ANGELES TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

COMES NOW, Defendant CITY OF LOS ANGELES, answering Plaintiff's Complaint for Damages for itself and for no other parties, admitting, denying and alleging as follows:

1. Answering paragraph 1, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

2. Answering paragraph 2, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

3. Answering paragraph 3, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

4. Answering paragraph 4, defendant admits the allegations contained therein.

5. Answering paragraph 5, defendant admits the allegations contained therein.

6. Answering paragraph 6, defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

7. Answering paragraph 7, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

8. Answering paragraph 8, defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

9. Answering paragraph 9, defendant denies the allegations contained therein.

10. Answering paragraph 10, defendant denies the allegations contained therein.

11. Answering paragraph 11, defendant denies the allegations contained therein.

12. Answering paragraph 12, defendant denies the allegations contained therein.

13. Answering paragraph 13, which incorporates by reference the allegations of other paragraphs of the pleading, defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

14. Answering paragraph 14, defendant denies the allegations contained therein.

15. Answering paragraph 15, defendant denies the allegations contained therein.

16. Answering paragraph 16, defendant denies the allegations contained therein.

17. Answering paragraph 17, defendant denies the allegations contained therein.

18. Answering paragraph 18, defendant denies the allegations contained therein.

19. Answering paragraph 19, defendant denies the allegations contained therein.

20. Answering paragraph 20, defendant denies the allegations contained therein.

21. Answering paragraph 21, which incorporates by reference the allegations of other paragraphs of the pleading, defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

22. Answering paragraph 22, no factual allegations are made therein, and on that basis the paragraph goes unanswered.

23. Answering paragraph 23, defendant denies the allegations contained therein.

24. Answering paragraph 24, defendant denies the allegations contained therein.

25. Answering paragraph 25, defendant denies the allegations contained therein.

26. Answering paragraph 26, defendant denies the allegations contained therein.

27. Answering paragraph 27, defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, the Defendant alleges each of the following:

1. Decedent had actual knowledge of the condition and particular danger alleged, knew and understood the degree of risk involved, and voluntarily assumed such risk.

2. The force used against decedent, if any, was caused and necessitated by the actions of decedent, and was reasonable and necessary for self-defense.

3. The force used against decedent, if any, was caused and necessitated by the actions of decedent, and was reasonable and necessary for the defense of others.

4. As to the federal claims and theories of recovery, the individual officers are protected from liability under the doctrine of qualified immunity, because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

5. Defendant City of Los Angeles is immune from the imposition of punitive damages.

6. The action is barred for lack of standing to sue.

### DEMAND FOR JURY TRIAL

Defendant hereby demands and requests a trial by jury in this matter.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by this action;

2. That the action be dismissed;

3. That Defendant be awarded costs of suit;

4. That Defendant be awarded other and further relief as the Court may deem just and proper, including an award of attorney fees pursuant to 42 U.S.C. §1988.

DATED: March 16, 2016

Respectfully submitted,

**MICHAEL N. FEUER**, City Attorney
**THOMAS H. PETERS** Chief Deputy City Attorney
**CORY M. BRENTE,** Assistant City Attorney

*/S/ Denise C. Zimmerman*
By_____
       **DENISE C. ZIMMERMAN,** Deputy City Attorney

*Attorney for Defendant* **CITY OF LOS ANGELES**