ARNOLDO CASILLAS, ESQ., SBN 158519
**CASILLAS & ASSOCIATES**
3500 W. Beverly Blvd.
Montebello, CA 90640
Telephone:   (323) 725-0917
Facsimile:    (323) 725-0350
Email: acasillas@morenolawoffices.com

Attorneys for Plaintiffs,
RUFINA MOLINA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| RUFINA MOLINA, ESTATE OF LUIS MARTINEZ, by and through successor in interest, RUFINA MOLINA, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF LOS ANGELES; RICARDO HUERTA, RUDOLPH RIVERA, ALDO QUINTERO, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.  CV16-01293-ODW(ASx) <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> **1. Excessive Force/Unreasonable Seizure (42 U.S.C. § 1983)** <br> **2. Interference with Familial Integrity Substantive Due Process Violation (42 U.S.C. §1983)** <br> **3. Municipal Liability for Unconstitutional Customs and Practices (42 U.S.C. § 1983)** <br><br> **[DEMAND FOR JURY TRIAL]** |

COMES NOW Plaintiffs RUFINA MOLINA (hereafter "Plaintiff") and ESTATE OF LUIS MARTINEZ, by and through successor in interest, RUFINA MOLINA, and allege as follows:

///

///

## I.
## **VENUE AND JURISDICTION**

1. Venue is proper in the Superior Court of the State of California, for the County of Los Angeles, Central District, in that the underlying acts, omissions, injuries and related facts and circumstances upon which the present action is based occurred in the County of Los Angeles, at or near 3242 Monituou, Los Angeles, California, within the boundaries of this Court. This Court has jurisdiction over the present matter because, as delineated within this complaint, the nature of the claims and amounts in controversy meet the requirements for jurisdiction in the Superior Court.

## II.
## **PARTIES**

2. Decedent Luis Martinez (hereinafter "decedent") was an individual residing in the City and County of Los Angeles, California.

3. Plaintiff RUFINA MOLINA, is and was, at all times relevant hereto, the natural mother of decedent Luis Martinez.

4. At all times mentioned herein, Defendant CITY OF LOS ANGELES (hereinafter "CITY") is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

5. Defendants RICARDO HUERTA, RUDOLPH RIVERA, ALDO QUINTERO (hereinafter "defendant officers") are police officers working for City and its police department. Said defendants are sued in their official and individual capacity. At all times relevant to the present action, said defendants were acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City, as well as under the color of the statutes and regulations of the State of California. Said defendants were acting within their capacity as employees, agents, representatives and servants of the City.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

6. Defendant officers, and DOES 1 through 10, as duly sworn peace officers, were specifically authorized by Defendant City and its Police Department, to perform the duties and responsibilities of sworn police officers of the City, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as police officers for Defendant City and as an officials for Defendant City. Said defendants are also sued herein in their individual capacity and in their official capacity as peace officers of the City. Defendant City encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein.

7. The present Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege said Defendants' true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

8. DOES 6 through 10 were also duly appointed deputies, sergeants, lieutenants, detectives, or other officers, officials, executives and/or policymakers of City of Los Angeles Police Department (also "LAPD"), a department and subdivision of Defendant City, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant COUNTY, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

///

///

///

3
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. On April 21, 2015 at approximately 4:30 p.m., Luis Martinez was shot and killed by defendants Ricardo Huerta, Rudolph Rivera, Aldo Quintero and DOES 1 through 10. Luis Martinez was sitting in his wheelchair in his apartment located at 3414 Manitou A venue, Apt. 403, Los Angeles, California.

10. The police officer defendants arrived at the location in response to a 911 call reporting that decedent was suffering from mental health problems and was suicidal.

11. Decedent was unarmed.

12. Police officer defendants arrived at decedent's apartment and confronted decedent. They found him in his wheelchair. Thereafter, they shot decedent several times, causing him serious injuries, from which he eventually died.

## IV.

## FIRST CAUSE OF ACTION

**Excessive Force/Unreasonable Seizure**

**42 U.S.C. § 1983**

**As Against Defendants Police Officer Defendants, and DOES 1 through 10**

13. Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

14. Police officer defendants' actions described herein violated decedent's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting decedent to unreasonable searches and seizures of his person.

15. At the time decedent was shot and killed, he was not engaging in any assaultive or threatening conduct. Under the totality of the relevant circumstances

that existed, decedent posed no danger or threat to defendant police officers, or anyone else. The shooting and killing of decedent was unreasonable under the circumstances in every respect.

16. These actions violated decedent's right to be free from unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

17. Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

18. The unauthorized, unwarranted killing of decedent was willful and done with a deliberate disregard for the rights and safety of decedent, and therefore warrants the imposition of punitive damages as to police officer defendants.

19. After being shot by Defendants, decedent endured great physical and emotional pain and suffering.

20. Accordingly, Police officer defendants are liable to Plaintiff for compensatory damages pursuant to 42 U.S.C. § 1983.

## V.
### SECOND CAUSE OF ACTION
**Interference with Familial Integrity**
**Substantive Due Process Violation**
**42 U.S.C. § 1983**
**As Against Police Officer Defendants, and DOES 1 through 10**

21. Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

22. The present claim is brought pursuant to 42 U.S.C. § 1983, for violation of the right of familial integrity guaranteed by the Fourteenth Amendment of the United States Constitution.

23. As alleged above, the shooting and killing of decedent was unreasonable under the circumstances of the encounter between Police officer Defendants. As such, the shooting and killing of decedent violated the constitutional limits on police use of deadly force in violation of the Fourth Amendment's limits on unreasonable seizures.

24. At the same time, the shooting and killing of decedent by Defendants Police Officers violated the rights of Plaintiff RUFINA MOLINA'S right to be free from police interference in their relationship with her son Luis Martinez.

25. The unreasonable conduct of police officer defendants was the direct and proximate cause of the death of decedent. As a result of the unreasonable conduct of police officer defendants, Plaintiff lost Luis Martinez, as well as his love, affection, society and moral support.

26. The unreasonable conduct of these Defendants was willful and done with a deliberate disregard for the rights and safety of Luis Martinez and the present Plaintiff and therefore warrants the imposition of punitive damages as to said defendants

27. Accordingly, Police Officer Defendants are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

## VI.

### THIRD CAUSE OF ACTION
**Municipal Liability for Unconstitutional
Customs and Practices (42 U.S.C. § 1983)
As to Defendant City of Los Angeles and DOES 1 through 10**

28. Plaintiffs repeat and re-allege each and every allegation above with the same force and effect as though fully set forth herein.

29. On and before April 21, 2015 and prior to the shooting of Luis Martinez, Defendant CITY and DOES 1 through 10 were aware that Defendant RICARDO HUERTA, RUDOLPH RIVERA, ALDO QUINTERO, and various other LAPD officers had not received proper and necessary training in de-escalation, the use of less than lethal weapons and safely dealing with people with depression, in a depressed state or other mental illnesses.

30. Defendants CITY and DOES 1 through 10, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs and decedent, and of persons in their class, situation and comparable position, knowingly allowed officers to undertake patrol in the City of Los Angeles without proper training in de-escalation, the use of less than lethal weapons and safely dealing with people with depression, in a depressed state or other mental illnesses.

31. Said Defendants knew that such untrained officers would encounter people with depression, in a depressed state or other mental illnesses.

32. By reason of the aforementioned custom and practice, Luis Martinez was severely injured and subjected to pain and suffering and lost his life.

33. Defendants CITY and DOES 1 through 10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient practice and custom alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such custom and practice. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these custom/practice with respect to the constitutional rights of decedent, Plaintiffs, and other individuals similarly situated.

34. This practice and custom implemented and maintained and still tolerated by Defendant CITY was affirmatively linked to and was a significantly influential force behind the injuries of decedent and Plaintiffs.

35. By reason of the aforementioned acts and omissions Luis Martinez was killed and his mother suffered the loss of his love, affection, society and moral support.

36. Accordingly, Defendant CITY and DOES 1 through 10 are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, including general damages and special damages, and statutory damages for violation of the laws and Constitutions of the United States, in an amount to be determined at trial;

B. For punitive damages against Defendants RICARDO HUERTA, RUDOLPH RIVERA, ALDO QUINTERO, and DOES 1 through 10, pursuant to 42 U.S.C. § 1983 and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each said defendant;

C. For prejudgment interest to be determined at trial;

D. For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988; and,

E. For such further other relief as the Court may deem just, proper, and appropriate.

1

2  Dated: April 20, 2016         CASILLAS & ASSOCIATES

3                                By   /s/ Arnoldo Casillas
                                 ARNOLDO CASILLAS
4                                Attorneys for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs RUFINA MOLINA and ESTATE OF LUIS MARTINEZ, by and through successor in interest, RUFINA MOLINA, and demand a trial by jury.

Dated: April 20, 2016        CASILLAS & ASSOCIATES

By  /s/ Arnoldo Casillas
ARNOLDO CASILLAS
Attorneys for Plaintiffs