O

# United States District Court
# Central District of California

| | |
|---|---|
| RUFINA MOLINA; ESTATE OF LUIS MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; RICARDO HUERTA; RUDOLPH RIVERA; ALDO QUINTERO; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case № 2:16-cv-01293-ODW (ASx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY CASE [24]** |

## I. INTRODUCTION

Plaintiffs Rufina Molina and the Estate of Luis Martinez, by and through its successor in interest Rufina Molina (collectively, "Molina") bring this action pursuant to 42 U.S.C. § 1983, alleging excessive force, unreasonable seizure, and interference with familial integrity. (*See* Compl., Not. of Removal Ex. 1, ECF No. 1-1.) Molina originally filed the case in the Superior Court for the State of California, and Defendants removed it to this Court on February 25, 2016. Also filed in state court is a case that Defendants argue stems from the same operative facts as the case at bar, styled as *Monica Ramirez et al. v. City of Los Angeles et al.*, Case No. BC597276 ("*Ramirez*"). (*See Ramirez* Compl., Mot. Ex. A, ECF No. 24-3.) Due to the

similarities between the two cases, and in order to avoid duplicative discovery and the potential for inconsistent or conflicting verdicts, Defendants ask the Court to stay the instant case pending resolution of the *Ramirez* case. (Mot.) For the reasons discussed below, the Court **DENIES** Defendants' Motion.[1] (ECF No. 24.)

## II. FACTUAL BACKGROUND

In Molina's Complaint, she alleges that on April 21, 2015, three police officers (Defendants Ricardo Huerta, Rudolph Rivera, and Aldo Quintero) shot and killed her son, Luis Martinez. (Compl. ¶¶ 2, 3, 9, 10.) At the time of the shooting, Martinez was sitting in his wheelchair at his apartment. (*Id.* ¶ 9.) The officers entered the apartment in response to a 911 call reporting that Martinez was suffering from mental health problems and was suicidal. (*Id.* ¶ 10.) Molina alleges that Martinez was unarmed and that the officers shot him following a confrontation. (*Id.* ¶ 12.)

*Ramirez*, the state court case, is also about the shooting death of Martinez. (*Ramirez* Compl.) The plaintiffs in *Ramirez* are Martinez's wife, children, and stepdaughter, who have asserted claims for wrongful death, violation of the Bane Act, survivorship, negligence, and assault and battery, and seek punitive damages. (*Id.* ¶¶ 3, 4, 18–63.) The named defendants in *Ramirez* are identical to those in the instant action. (*Compare Ramirez* Compl. ¶¶ 6–8, *with* Compl. ¶¶ 4–6.)

Counsel for Defendants inquired with the plaintiffs in both cases as to whether they would voluntarily coordinate or consolidate the cases, but both declined. (Inlow Decl. ¶ 4, ECF No. 24-1.) Since the two cases are currently going forward independently of one another, Defendants argue that this case should be stayed pending the conclusion of proceedings in *Ramirez*. Defendants contend that allowing this case to continue at the same time as *Ramirez* will risk exposing Defendants to double and/or inconsistent verdicts and duplicative discovery. (Mot. 3.) In addition, Defendants suggest that the outcome of *Ramirez* may entitle them to issue preclusion,

---

[1] After considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

which may affect the outcome and issues to be tried in this case. (*Id.*)

### III. LEGAL STANDARD

District courts have the authority to stay civil proceedings when doing so would further the interests of justice. *Sec. and Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 (1970)). The Ninth Circuit has held that a court should consider the following factors in deciding whether to stay civil proceedings:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Federal Sav. And Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989).

### IV. DISCUSSION

The Court weighs the above factors in coming to its conclusion.

**A. Plaintiffs' Interest and Potential Prejudice**

Because Molina opposed Defendants' Motion to Stay, the Court concludes that her interest is in avoiding delay in this litigation. (*See* Opp'n, ECF No. 26.) However, Molina does not actually argue that she would be prejudiced by a stay of these proceedings. (*See id.*) As such, the Court determines that the only prejudice at issue is that inherent in delaying a case that a plaintiff wishes to have resolved sooner. Therefore, this factor weighs slightly in Molina's favor.

**B. Burden on Defendants**

Defendants argue that the simultaneous proceedings of this case and *Ramirez* implicates their Seventh Amendment right to a jury trial and its prohibition against reexamining or overturning factual determinations made by a jury. (Mot. 5–6.) The

plaintiffs in this case as well as in *Ramirez* have requested jury trials. (*See Ramirez* Compl; Compl.) In addition, there is no dispute that the two cases involve identical operative facts. (*Id.*)

Despite that, the Court agrees with Molina that a stay is not appropriate because the causes of action in *Ramirez* are based in state law, whereas Molina is suing under 42 U.S.C. § 1983. (*See* Opp'n 4–5.) Further, because the plaintiffs in the two actions are entirely separate, the only party who could possibly use issue preclusion (if such a strategy were available) would be Defendants. *See* Fed. R. Civ. P. 8(c) (issue preclusion is an affirmative defense); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979) ("[I]n cases where a plaintiff could easily have joined in the earlier action or where . . . the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel.) Here, there is no showing that the plaintiffs in the two cases could not have joined together in one action. As such, the use of issue preclusion offensively against Defendants is not a concern. Defendants' Seventh Amendment rights are similarly not implicated, because any jury in this case would be independently examining the facts and coming to its own conclusion, not "reexamining" the state court verdict.

In addition, since the two cases involve separate plaintiffs, Defendants' argument that they will be subjected to duplicative discovery is not persuasive. Plaintiffs in each case assert different causes of action, and therefore it is very likely that they will seek different information during discovery. For these reasons, the Court concludes that this factor weighs in favor of Molina.

**C.     Interests of the Court and Preservation of Judicial Resources**

While a stay of this case would preserve judicial resources at the moment, the case would remain in federal jurisdiction. In addition, it is uncertain whether resolution of *Ramirez* will actually affect the resources needed to resolve this case. Therefore, this factor weighs only slightly in favor of a stay.

**D.     Interests of Third Parties and the Public**

The relevance of these factors is also somewhat unclear. It is possible that the resolution of *Ramirez* will influence the settlement or early resolution of this case, thus requiring fewer third parties to be deposed. Further, because one of the defendants is a public entity (the City of Los Angeles), this may conserve public resources. But since this is uncertain, these factors weigh very slightly in favor of Defendants.

**E.     Balancing of Factors**

On balance, the *Molinaro* factors favor Molina. Defendants have not persuaded the Court that they will be burdened without a stay. As a result, the Court concludes that the *Molinaro* factors do not support a stay of these proceedings.

## V.     CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** Defendants' Motion (ECF No. 24).

**IT IS SO ORDERED.**

December 13, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**